**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                 Case No. 3:08-cr-181-MMH-JBT-2

JESSE JEROME BRACLET
_____/

**ORDER**

This case is before the Court on Defendant Jesse Jerome Braclet's untitled motion for a sentence reduction and request for appointment of counsel. (Doc. 105, Motion). Braclet is serving a 128-month term of imprisonment for distributing and aiding and abetting the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), plus a consecutive 60-month term of imprisonment for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. 77, Judgment). Braclet requests a sentence reduction based on (1) the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, and (2) the United States Supreme Court's decision in United States v. Davis, in which the Supreme Court held that the "residual clause" of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. 2319, 2323–24 (2019).[1]

---

[1] Section 924(c) makes it unlawful to use or carry a firearm during and in relation to a "crime of violence" or a drug trafficking crime, or to possess a firearm in furtherance of such a crime. 18 U.S.C. § 924(c)(1). The provision that the Supreme Court struck down in Davis was

1

By endorsed order, the Court appointed the Federal Public Defender to represent Braclet in proceedings under the First Step Act. (Doc. 106). The United States Probation Office submitted a memorandum in which it advised the Court that Braclet was ineligible for relief because neither of the offenses of conviction is a "covered offense" under Section 404 of the First Step Act. (Doc. 107, First Step Act Memorandum and PSR). On December 9, 2020, the Federal Public Defender notified the Court that it would not be seeking First Step Act relief for Braclet because the relief he sought was beyond the scope of Section 404 and the Federal Public Defender's appointment under this Court's Omnibus Order (see No. 8:19-mc-10-T-23). (Doc. 109, Notice). The United States filed a response in opposition to Braclet's Motion on December 23, 2020. (Doc. 110, Response).

To the extent Braclet seeks relief based on the First Step Act, the Court construes Braclet's Motion as a motion under 18 U.S.C. § 3582(c)(1)(B). The Motion could be construed as seeking a sentence reduction under either of two provisions of the First Step Act, neither of which affords Braclet relief.

First, Braclet's Motion could be construed as seeking a sentence reduction based on Section 404, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant … impose a reduced sentence

---

§ 924(c)(3)(B), which defined a "crime of violence" as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id., § 924(c)(3)(B).

as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act, § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." Id., § 404(a). Section 2 of the Fair Sentencing Act modified the statutory penalties for crack cocaine offenses by increasing the amounts necessary to trigger the escalating penalties under 21 U.S.C. §§ 841(b)(1)(A)(iii) and (b)(1)(B)(iii), which was part of an effort to reduce the sentencing disparity between crack cocaine offenses and powder cocaine offenses. See United States v. Jones, 962 F.3d 1290, 1296–97 (11th Cir. 2020) (describing the effect of the Fair Sentencing Act).[2] "Only 'crack-cocaine offenses for which 21 U.S.C. sections 841(b)(1)(A)(iii) and (B)(iii) provide the penalties' qualify as 'covered offenses.'" United States v. McCurry, 833 F. App'x 284, 286 (11th Cir. 2020) (alteration adopted) (quoting Jones, 962 F.3d at 1300–01).

Braclet was not convicted of a "covered offense" because he was convicted of distributing cocaine hydrochloride (i.e., powder cocaine), not crack cocaine. See Judgment; PSR at ¶¶ 6, 16; (see also Doc. 55, Plea Agreement at 1, 3, 16–17). Because the Fair Sentencing Act of 2010 had no effect on the statutory

---

[2] Section 3 of the Fair Sentencing Act eliminated the mandatory minimum penalty for simple possession of crack cocaine, and is not relevant here. See Fair Sentencing Act, § 3.

3

penalties applicable to powder cocaine offenses, Braclet is not eligible for relief under Section 404 of the First Step Act. <u>United States v. Pubien</u>, 805 F. App'x 727, 729–30 (11th Cir. 2020) (holding that Section 404 does not provide district courts with authority to reduce a defendant's sentence for a powder cocaine offense).

Second, Braclet's Motion could be construed as seeking a sentence reduction based on Section 403 of the First Step Act, which amended 18 U.S.C. § 924(c)(1)(C)'s repeat-offender sentence "stacking" provision. Prior to the First Step Act, in the case of a second or subsequent conviction under § 924(c), the defendant faced a mandatory minimum sentence of 25 years in prison for each subsequent § 924(c) conviction, consecutive to all other sentences, even if the second or subsequent conviction was obtained in the same prosecution as the first such conviction. 18 U.S.C. § 924(c)(1)(C)(i) (2006); <u>Deal v. United States</u>, 508 U.S. 129, 131–32 (1993). The First Step Act changed this law by limiting the application of stacked 25-year mandatory minimum sentences to defendants whose second or subsequent violation of § 924(c) "occurs after a prior conviction under this subsection has become final." First Step Act, § 403(a). Section 403(a) is inapplicable to Braclet because he was convicted of only a single § 924(c) violation, so he was not (and is not) subject to a stacked 25-year mandatory minimum penalty. Moreover, and in any event, the First Step Act limits the extent to which Section 403 applies retroactively:

4

> (b) APPLICABILITY TO PENDING CASES.— This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, <u>if a sentence for the offense has not been imposed as of such date of enactment</u>.

First Step Act, § 403(b) (emphasis added). The Court sentenced Braclet on September 28, 2009, well before the First Step Act became law. (Doc. 76, Minute Entry). "By its plain language, section 403 is thus inapplicable to [Braclet]." <u>Willingham v. United States</u>, 805 F. App'x 815, 817 (11th Cir. 2020).

Finally, Braclet's Motion could be construed as arguing that his § 924(c) conviction is unlawful based on the Supreme Court's decision in <u>United States v. Davis</u>, 139 S. Ct. 2319. If Braclet seeks to collaterally attack the lawfulness of his sentence, he would have to file a motion to vacate under 28 U.S.C. § 2255, which he has not indicated he wishes to do. In any event, <u>Davis</u> is inapplicable to Braclet because <u>Davis</u> invalidated only § 924(c)(3)(B), which forms part of the definition of the phrase "crime of violence" as used in that statute. 139 S. Ct. at 2323–24. Braclet was convicted of possessing a firearm in furtherance of a drug trafficking crime, not a crime of violence, <u>see</u> Judgment, so <u>Davis</u> does not afford Braclet relief. See <u>In re Navarro</u>, 931 F.3d 1298, 1302 (11th Cir. 2019) ("Thus, it is apparent from the record that Navarro's § 924(c) conviction is fully supported by his drug-trafficking crimes, and it therefore is outside the scope of <u>Davis</u>, which invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence.").

Regarding Braclet's request for the appointment of counsel, there is generally no constitutional right to counsel in post-conviction proceedings under 18 U.S.C. § 3582(c)(1) or 28 U.S.C. § 2255. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal as of right, and no further."); United States v. Cain, 827 F. App'x 915, 921 (11th Cir. 2020) (concluding that the right to counsel does not extend to proceedings under 18 U.S.C. § 3582(c)(1) (citing, inter alia, United States v. Webb, 565 F.3d 789, 794–95 (11th Cir. 2009))). The Court may, in its discretion, appoint counsel if the interests of justice so require. See 18 U.S.C. § 3006A(a)(2); Cain, 827 F. App'x at 921–22. Here, neither the Constitution, statutory authority, nor the interests of justice support the appointment of counsel so that Braclet can pursue relief based on the First Step Act or United States v. Davis.

Accordingly, it is hereby **ORDERED:**

1. Defendant Jesse Jerome Braclet's untitled motion for sentence reduction and appointment of counsel (Doc. 105, Motion) is **DENIED**.

2. The Court construes the Federal Public Defender's "Notice Re: Motion for Relief Under the First Step Act of 2018" (Doc. 109) as a motion to withdraw. The motion is **GRANTED**, and the Federal Public Defender is relieved of further responsibilities with respect to Jesse Jerome Braclet

regarding First Step Act proceedings.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of April, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Defendant